IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HARRISON LEWIS, III #34839-037 | * | |
|       Petitioner, | | |
| v. | * | CIVIL ACTION NO. CCB-09-956 |
| | | CRIMINAL NO. CCB-01-484 |
| UNITED STATES OF AMERICA | * | |
|       Respondent | | |
| | *** | |

## **O R D E R**

On January 14, 2003, judgment was entered sentencing Harrison Lewis, III ("Lewis") on his guilty plea to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) & (f).  Paper No. 34. The United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence on March 15, 2006.  Paper No. 74.  The mandate was issued on April 6, 2006.  Paper No. 75.

Lewis filed a document dated April 10, 2009, and captioned as "issues; structural error in pretrial proceedings at July 1, 2002 ex parte hearing..."  The court construed it as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[1]  Paper No. 76.

Lewis did not file a petition for writ of certiorari to the U.S. Supreme Court.  Accordingly, his conviction became final on June 15, 2006.  *See Clay v. United States*, 537 U.S. 522, 532 (2003).[2] Lewis therefore had until June 15, 2007, to file his motion to vacate.  *See* 28 U.S.C. § 2255(1).

Because Lewis's court-construed § 2255 motion was not filed until April 10, 2009, some twenty-two months after the expiration of the limitations period under § 2255(1), it was deemed to

---

[1] Lewis attacks the effectiveness of counsel, claiming that his defense attorney would not file any motions, lied to him, acted as a "proxy," and threatened him and his family.  Paper No. 76.  He also claims that although his defense attorney was taken before the court, the court failed to make a proper inquiry into Lewis's ineffective assistance claims.  *Id.*

[2] When a defendant's conviction is affirmed on direct appeal and he does not file a petition for writ of certiorari from the Supreme Court, the judgment becomes final, for purposes of determining the one-year time limitation for filing a § 2255 motion, on the date when the time for filing a petition for certiorari expires.  *See Clay v. United States*, 537 U.S. 522, 532 (2003). A petition for a writ of certiorari to review a decision by a United States Court of Appeals is timely if filed within 90 days after entry of judgment by the court of appeals, not from the date the mandate is issued.  *See* Rule 13(1), Sup.Ct.R.

be filed in an untimely manner. Lewis was, however, given notice that his pleading had been construed as a § 2255 motion, *see Castro v. United* States, 540 U.S. 375, 382-83 (2003); *United States v. Emmanuel*, 288 F.3d 644, 646-47 (4th Cir. 2002), and was afforded additional time to and including May 22, 2009, to withdraw the motion or to explain why it may be timely or why equitable tolling may apply.[3] Paper No. 77. Lewis was forewarned that the failure to file a memorandum withdrawing or amending his motion or showing why his motion should not be dismissed as untimely would result in dismissal of this action without further notice from this court.

The requisite time has passed and Lewis has failed to file a court-ordered response. Consequently, his motion shall be dismissed.

Accordingly, it is this  28th  day of  May , 2009, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The instant motion to vacate IS DISMISSED;

2. The Clerk SHALL CLOSE Civil Action No. CCB-09-956; and

3. The Clerk SHALL SEND a copy of this Order to Lewis at the Federal Correctional Institution at Butner, Medium II, P.O. Box 1500, Butner, North Carolina 27509 and to Assistant United States Attorney Bonnie S. Greenberg, 36 S. Charles Street, Baltimore, Maryland 21201.

/s/
Catherine C. Blake
United States District Judge

---

[3] In *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), the Fourth Circuit held that the district court should not have summarily dismissed a habeas corpus petition as untimely, but should have given the petitioner notice as to the untimeliness of his filing and afforded him the opportunity to file a response to explain why the petition was filed outside the one-year limitation period and why it should not be dismissed as time-barred. *Id*., at 706-07.